UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMON RODRIGUEZ,

    Plaintiff,

v.                                         Case No. 8:18-cv-2745-T-60CPT

CITY BUFFET MONGOLIAN
BARBEQUE, INC. and BI XIA XIONG,

    Defendants.
_____/

**O R D E R**

Before the Court are the *Plaintiff's Amended Motion for Final Judgment After Default Against Defendants City Buffet Mongolian Barbeque, Inc. and Bi Xia Xiong* (Amended Motion) and the Plaintiff's accompanying *Affidavit of Indebtedness*. (Docs. 18, 19). For the reasons discussed below, the Plaintiff's Amended Motion is denied without prejudice.

I.

Plaintiff Ramon Rodriguez initiated this Fair Labor Standards Act (FLSA) action by filing a six-count complaint against his former employer, Defendant City Buffet Mongolian Barbeque, Inc. (City Buffet) and an officer/director of City Buffet, Bi Xia Xiong. (Doc. 1). In his complaint, Rodriguez alleges that the Defendants violated the FLSA's overtime, minimum wage, and anti-tip retention provisions while

he worked at City Buffet between May 2016 and June 2018. *Id.* When the Defendants failed to respond to his complaint, Rodriguez obtained a Clerk's default against them under Rule 55(a) of the Federal Rules of Civil Procedure. (Docs. 12, 13).

Several months later, Rodriguez moved for a default judgment pursuant to Rule 55(b), asserting that he was entitled to $29,172 in unliquidated damages and an equal amount in liquidated damages for a total sum of $58,344. (Doc. 14). The Court denied that motion without prejudice, noting that the motion lacked an affidavit or other evidence to support Rodriguez's damages request, as well as a supporting legal memorandum as required by the local rules. (Doc. 17). The instant motion and affidavit followed. (Docs. 18, 19).

II.

A court may enter default judgment if "there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The showing required in this context "is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (citing *Surtain*, 789 F.3d at 1245); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). Thus, a court looks to see whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is

2

plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). However, "while a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (internal alteration and quotation omitted).

If a claim for liability is adequately pleaded, the court must then assess its ability to measure damages. To this end, the "court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for the award). "Rather than merely *telling* the Court in summary fashion what its damages are, a plaintiff seeking [a] default judgment must *show* the Court what those damages are, how they are calculated, and where they come from." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010).

If warranted, the court may conduct an evidentiary hearing on the issue of damages. Fed. R. Civ. P. 55(b)(2)(B). Such a hearing is "not a *per se* requirement," however, and is not mandated where the sought-after damages amount is a liquidated sum, is capable of mathematic calculation, or "where all [the] essential evidence is already of record." *SEC v. Smyth*, 420 F.3d 1225, 1232, n.13 (11th Cir. 2005) (citing *S.E.C. v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)).

Measured against the above standards, Rodriguez's Amended Motion and supporting affidavit are insufficient. In his affidavit, for example, Rodriguez states in conclusory fashion that the Defendants failed to compensate him properly for work performed in violation of the aforementioned FLSA provisions and that the Defendant's therefore owe him $29,172 in unliquidated damages as well as the same amount in liquidated damages. (Doc. 19 at 3). Notably absent from the affidavit (or Rodriguez's Amended Motion) is any explanation as to how he arrived at his damages figure. This deficiency is particularly problematic because Rodriguez's complaint contains discrepancies regarding the number of hours per week he worked at City Buffet. (Doc. 1 at 3, 5-6). It is also compounded by the fact that, although Rodriguez seeks to recover wrongfully retained tips in addition to unpaid overtime and minimum wages, he fails to address the issue of tips at all in his filings. These infirmities preclude the Court from making a determination as to the appropriate damages amount and, by themselves, are fatal to Rodriguez's motion. *See Stewart v. Chefs of Napoli*, 2015 WL 13792261, at *1 (M.D. Fla. July 10, 2015) (finding that plaintiff's supporting affidavit failed to provide detailed calculation of damages where it stated number of hours worked and amount of alleged claim but did not state rate of pay or numbers of hours for which plaintiff was paid versus not paid); *Barrera v. Valero Doral, Inc.*, 2011 WL 4443965, at *1 (S.D. Fla. Sept. 12, 2011) ("The affidavit submitted by [plaintiff] lacks any detail, states the damages in a conclusory fashion, and contradicts her prior Statement of Claim as to the number of weeks she worked overtime hours.").

As a result of these defects, the Court need not address the matter of the Defendants' liability under the FLSA, which Rodriguez also fails to address in his Amended Motion and affidavit.

III.

In light of the above, Rodriguez's Amended Motion (Doc. 18) is denied without prejudice. If Rodriguez seeks to file another motion for a default judgment, he should be mindful of his obligation to establish each element of his FLSA claims, and to provide sufficient particulars and evidentiary support for his damages claim, including a detailed calculation of the amount he seeks. Rodriguez should also ensure that any subsequent default judgment motion he files addresses the issues and deficiencies identified in this Order.

DONE and ORDERED in Tampa, Florida, this 30th day of December 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record