UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMON RODRIGUEZ,

    Plaintiff,

v.                                                          Case No: 8:18-cv-2745-T-60CPT

CITY BUFFET MONGOLIAN
BARBEQUE, INC. and BI XIA XIONG,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Before me on referral is the *Plaintiff's Motion for Attorney's Fees and Costs*. (Doc. 27). For the reasons discussed below, I respectfully recommend that the Plaintiff's motion be granted in part and denied in part.

I.

    Plaintiff Ramon Rodriguez initiated this Fair Labor Standards Act (FLSA) action in November 2018 by filing a six-count complaint against his former employer, Defendant City Buffet Mongolian Barbeque, Inc. (City Buffet), and an officer/director of City Buffet, Bi Xia Xiong. (Doc. 1). Rodriguez averred in his complaint that the Defendants violated the FLSA's overtime, minimum wage, and anti-tip retention provisions while he worked at City Buffet between May 2016 and June 2018. *Id*. When the Defendants failed to respond to his complaint, Rodriguez obtained a Clerk's

default against them under Rule 55(a) of the Federal Rules of Civil Procedure. (Docs. 12, 13).

Several months later, Rodriguez moved for a default judgment pursuant to Rule 55(b), asserting that he was entitled to $29,172 in actual damages and an equal amount in liquidated damages for a total sum of $58,344. (Doc. 14). The Court denied that motion without prejudice, noting that the motion lacked an affidavit or other evidence to buttress Rodriguez's damages request, as well as a supporting legal memorandum as required by the Local Rules. (Doc. 17).

Rodriguez responded by filing an amended motion for default judgment in August 2019, along with an affidavit setting forth the same $58,344 damages figure as in his initial motion. (Docs. 18, 19). The Court denied that amended motion, again without prejudice, because Rodriguez's submissions were insufficient to justify his request for relief. (Doc. 20).

Rodriguez filed a third motion for default judgment in January 2020, seeking a reduced damages sum of $54,805.80. (Docs. 21, 22). The Court granted that motion in part and entered a default judgment against the Defendants on Rodriguez's overtime and anti-tip retention claims in the total sum of $33,320.[1] (Docs. 25, 26). By way of the instant motion, Rodriguez now requests an award of attorney's fees and costs, arguing that he is entitled to such relief as the prevailing party in this action. (Doc. 27).

---

[1] The Court found Rodriguez's minimum wage claims to be without merit. *Id*.

II.

A.  Attorney's Fees

The FLSA provides that a successful plaintiff, like Rodriguez, is entitled to an award of reasonable attorney's fees. 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant."). What constitutes a reasonable fee, however, is a matter within the court's sound discretion. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988).

The starting point in the fee analysis is to determine the "lodestar," which is the product of the reasonable hours spent on the litigation multiplied by a reasonable hourly rate. *Rodriguez v. Molina Healthcare, Inc.*, 806 F. App'x 797, 802 (11th Cir. 2020) (per curiam); *Padurjan v. Aventura Limousine & Transp. Serv., Inc.*, 441 F. App'x 684, 686 (11th Cir. 2011) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).[2] Fee applicants bear the burden of tendering satisfactory evidence that demonstrates the reasonableness of both the hourly rates they seek and the amount of time they expended. *Norman*, 836 F.2d at 1303; *Maciejczyk v. You Fit, Inc.*, 2013 WL 7186419, at *1 (M.D. Fla. Dec. 12, 2013) ("The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable."), *report and recommendation adopted*, 2014 WL 585067 (M.D. Fla. Feb. 12,

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

2014). The object of the court's lodestar calculation is to calculate "what a reasonable, paying client would be willing to pay." *MWH Constructors, Inc. v. Brown & Brown Elec., Inc.*, 2018 WL 6807401, at *2 (S.D. Fla. Sept. 6, 2018) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008)), *report and recommendation adopted*, 2018 WL 6807317 (S.D. Fla. Sept. 27, 2018).

With respect to the first prong of the lodestar analysis, a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting *Norman*, 836 F.2d at 1299). In making this computation, the court is not tethered to the parties' submissions. Instead, because the court "is itself an expert on the question [of reasonable hourly rates, it] may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quotation and citations omitted).

As for the lodestar's second prong—the number of hours reasonably spent on the litigation—"[f]ee applicants are required to exercise 'billing judgment'" in tabulating such hours. *Maciejczyk*, 2013 WL 7186419, at *2 (quoting *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)). This means that "they must exclude from their fee applications excessive, redundant, or otherwise unnecessary [hours], which are hours that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428

4


(quotation and citations omitted) (emphasis in original). And, "[i]f fee applicants do not exercise billing judgment, courts are obligated to do it for them." *Id.* As the Eleventh Circuit has observed in this regard, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.*

That said, the trial courts "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Id.*

Once the lodestar has been determined, there is a "strong presumption" that it constitutes "the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citation omitted). Nonetheless, it "can be adjusted upward or downward based on other considerations, including the results obtained by the attorneys for their client." *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018) (per curiam) (citing *Hensley*, 461 U.S. at 434).[3]

---

[3] Courts may look to the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) in the "rare case[] where they are not fully captured in the lodestar" figure. *In re Home Depot Inc.*, 931 F.3d 1065, 1090-1091 (11th Cir. 2019); *Walker v. Iron Sushi LLC*, 752 F. App'x at 916 (observing that the *Johnson* factors have been applied to FLSA claims) (citing *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1544 (11th Cir. 1985)). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). On appeal, an award of attorneys' fees and costs will be upheld unless it constitutes an abuse of discretion. *Perez v. Carey Intern., Inc.*, 373 F. App'x 907, 909-10 (11th Cir. 2010) (per curiam) (citing *Atlanta Journal & Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1287 (11th Cir. 2006)).

In this case, Rodriguez seeks a fee award of $5,920 based on 14.8 hours expended by his attorney, Monica Espino, of the Espino Law firm. (Doc. 27 at 2-4; Doc. 27-1; Doc. 27-2). In support of his fee request, Rodriguez submits a declaration by attorney Espino (Doc. 27-1), in which she avers that she has been practicing law for sixteen years, has expertise in "labor and employment law," and charges an hourly rate of $400. (Doc. 27 at 3-4; Doc. 27-1 at 1). According to Espino's invoice, her work on this case included: (i) meeting with Rodriguez and reviewing background documents; (ii) drafting and sending a demand letter; (iii) performing legal research and preparing the complaint; (iv) facilitating service of process; (v) drafting motions for default judgment; (vi) communicating with Rodriguez; (vii) reviewing Court orders; and (viii) compiling the instant motion. (Doc. 27-1; Doc. 27-2).

---

length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. As the Eleventh Circuit recently emphasized, however, these factors are "almost always subsumed in the lodestar." *In re Home Depot*, 931 F.3d at 1091.

After a careful review of the matter, I find that the total number of hours expended by Espino requires a modest reduction. While the time spent on the above tasks and in litigating this action is largely reasonable, the 2.5 hours associated with the first and second motions for a default judgment are not. (Doc. 27-1 at 4-5; Doc. 27-2 at 2-3). The first of these motions was denied due to counsel's failure to include a supporting legal memorandum (as required by the Local Rules), as well as her failure to submit evidence in support of Rodriguez's damages request. (Doc. 17). The second motion was likewise deficient. (Doc. 20). As a result, Rodriguez is not entitled to recover fees for the work performed in compiling these two motions. *Arbor Hill Concerned Citizens*, 522 F.3d at 184 (noting that a court must "step[ ] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively"); *Barnes*, 168 F.3d at 428. Thus, the time reasonably expended on this case was 12.3 hours.

Espino's requested hourly rate also requires a modest reduction. Although Espino is a seasoned attorney, this was a straightforward FLSA action; the legal and factual issues presented were not complex or novel; Espino's required time spent on the matter was not inordinate; and her acceptance of this case would not have precluded her from taking on other employment. Accordingly, a reasonable hourly rate for Espino under the circumstances is $375, which is still at the high end of the rates charged for similar cases in this community. *Rizzo-Alderson v. Tawfik*, 2019 WL 3324298, at *3 (M.D. Fla. July 1, 2019) ("[C]ourts in the Middle District have awarded rates between $250 and $375 per hour in FLSA cases.") (collecting cases), *report and*

*recommendation adopted*, 2019 WL 3323432 (M.D. Fla. July 24, 2019); *De Leon v. Magnum Coatings, Inc.*, 2017 WL 8794773, at *2 (M.D. Fla. Nov. 7, 2017), *report and recommendation adopted*, 2018 WL 1796227 (M.D. Fla. Jan. 10, 2018) (reducing hourly rate in FLSA case from $400 to $350 and collecting cases in support).

With the above adjustments to the reasonable hourly rate and the reasonable number of hours expended , the lodestar figure equates to $4,612.50.  I see no grounds to depart from the lodestar.

### B.  Costs

In addition to attorney's fees, the FLSA allows a successful plaintiff to recover costs.  29 U.S.C. § 216(b) (authorizing a prevailing FLSA plaintiff to recover the "costs of the action" from a defendant).  "And, even absent FLSA's express provision for costs, Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that 'costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.'"  *Camacho v. Vertical Reality Inc.*, 210 F. App'x 985, 986 (11th Cir. 2006) (per curiam) (quoting Fed. R. Civ. P. 54(d)(1)).  Because Rodriguez is the prevailing party here, he is entitled to recover costs.

Section 1920 of Title 28, United States Code, enumerates those costs that can be taxed to the losing party.  Those costs are: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6)

compensation of court appointed experts and interpreter services. 28 U.S.C. § 1920. The party seeking taxation bears the burden of proving entitlement to these costs. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

As reflected in Espino's declaration, her firm's invoice, and Rodriguez's Bill of Costs, Rodriguez seeks reimbursement of $598.27 comprised of: (1) $415 for the Clerk's filing fee; (2) $160 for service of process charges; and (3) $23.27 for mailing costs. (Doc. 27-1; Doc. 27-2; Doc. 28). These costs are largely recoverable.

Beginning with the first item, filing fees are properly taxable as "fees of the clerk" under section 1920(1). That said, the filing fee for this case was $400, not $415, as Rodriguez claims. (Doc. 1). Because Rodriguez does not provide any documentation or justification for the extra $15, his filing fee recovery is limited to $400.

Rodriguez's request for the private process server fees for both Defendants must also be reduced. Such fees are generally taxable under 28 U.S.C. § 1920(1) but are limited to the statutory ceiling set forth in 28 U.S.C. § 1921, which is the allowable rate charged by the United States Marshal's Service. *Beach Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812-13 (11th Cir. 2014) (reversing district court award for service of process fees that exceeded the allowable rate under section 1921); *U.S. Equal Emp't Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The Marshals are currently authorized to charge $65 per hour for each item personally served, plus travel and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). The

requested service of process charges here are therefore restricted to $65 for each Defendant.

As for Rodriguez's final request for mailing and FedEx charges, that request fails altogether. Monies expended on mailing are not recoverable under section 1920. *See McBride v. Legacy Components, LLC*, 2018 WL 4381181, at *3 (M.D. Fla. Aug. 30, 2018) (explaining that postage is not recoverable under section 1920); *Pelc v. Nowak*, 2013 WL 3771233, at *6 (M.D. Fla. July 17, 2013) (noting that FedEx costs "are not recoverable under [section] 1920").

With the above adjustments, Rodriguez's taxable costs amount to $530.

III.

For the reasons set forth above, I recommend:

1. *Plaintiff's Motion for Attorney's Fees and Costs* (Doc. 27) be granted in part and denied in part.

2. The Court award the Plaintiff attorney's fees of $4,612.50 and costs of $530, for a total amount of $5,142.50 to be taxed against the Defendants.

Respectfully submitted this 24th day of June 2020.

*[signature: Christopher P. Tuite]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Thomas P. Barber, United States District Judge
Counsel of record
Any unrepresented party